1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    SCOTT JOHNSON,                          No.  2:14-cv-01635-MCE-KJN

12                  Plaintiff,

13        v.                                  **MEMORANDUM AND ORDER**

14    FLORENCE B. HERNANDEZ, et al.

15                  Defendants.

16

17           Plaintiff Scott Johnson ("Plaintiff") initiated this action against Defendants

18    Florence B. Hernandez, in her individual and representative capacity as Trustee of the

19    Florence B. Hernandez Trust, and Stop the Presses, Inc. (collectively "Defendants")

20    seeking damages and injunctive relief for violations of the Americans with Disabilities Act

21    ("ADA"), 42 U.S.C. § 12101, et seq.; California's Unruh Civil Rights Act, California Civil

22    Code §§ 51-53; California's Disabled Persons Act, California Civil Code §§ 54-54.8; and

23    for negligence.  Presently before the Court is Defendants' Motion to Dismiss for lack of

24    subject matter jurisdiction (ECF No. 7).  For the following reasons, the Motion is

25    DENIED.[1]

26    ///

27    _____

28          [1] Because oral argument would not be of material assistance, the Court ordered this matter
      submitted on the briefs.  E.D. Cal. Local R. 230(g); see also ECF No. 11.

1

1

2

BACKGROUND[2]

3       Plaintiff is a quadriplegic who cannot walk and has significant dexterity

4   impairments.  He uses a wheelchair for mobility and has a specially equipped van.

5   Together, Defendants own and/or lease the property on which a Stop the Presses

6   Printing Company ("Stop the Presses") is located.[3]  Stop the Presses is a business

7   establishment and place of public accommodation.

8       Plaintiff avers that he has frequented Stop the Presses on more than one

9   occasion and encountered barriers to access.  More specifically, although parking is

10  provided to Stop the Presses patrons, no functioning and compliant handicap parking

11  space is available.  According to Plaintiff, whether through neglect, apathy or otherwise,

12  the defendants have permitted the handicap parking spaces and signage to either

13  deteriorate to the point of being non-functioning or to be maintained incorrectly.  Plaintiff

14  also complains that the door hardware and transaction counter are noncompliant.

15  Plaintiff has thus been deterred from additional attempts at patronage.  As a result,

16  Plaintiff initiated this action alleging violations of state and federal law.

17      Defendants now move to dismiss Plaintiff's ADA claim on the grounds that each

18  of the purported barriers allegedly has been modified so that the parking lot, door, and

19  transaction counter all comply with federal law.  In support, Defendants offer the

20  declaration of Randall Stout, President of Construction Services & Investigations, Inc., a

21  construction defect consulting company, who avers that he "coordinated and oversaw

22  the necessary repairs and renovations" and "all of the items identified in the complaint as

23  being noncompliant with the ADA [have] been resolved so that they [are] fully

24  compliant . . . ."  Decl. of Randall Stout, ECF No. 7-4 ¶¶ 3-4.  Mr. Stout further opined

25  that "a handicap accessible parking space with compliant signage, slope and path of

26

27

28

---

[2] Unless otherwise indicated, the following facts are taken, at times verbatim, from Plaintiff's Complaint.  ECF No. 1.

[3] Stop the Presses is located in the City of Stockton, California, which is within the jurisdiction of the Eastern District of California.

1  travel was installed, an accessible business service transaction counter was added, and

2  the entry door hardware was renovated to be compliant." Id. ¶ 4. "[A]dditional

3  renovations were also completed, including installation of compliant path of travel

4  designations from the public right of way to the Premises, including truncated domes,

5  and the leveling of the slope at the landing area adjacent to the entry doors to the

6  Premises." Id.[4]

7      Since the only remedy sought under the ADA is an injunction, and since, given

8  their remedial efforts Defendants contend there is no likelihood of future harm,

9  Defendants ask that the ADA claim be dismissed, essentially as moot, and that the Court

10  decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.  Plaintiff

11  contends dismissal of the ADA claim would be improper because, among other things,

12  the jurisdictional question is intertwined with the merits and should not be resolved at this

13  early juncture and because Defendants have not established the violations have been

14  remedied such that the ADA claim is moot.  Defendants' Motion is DENIED.

15

16                                    **STANDARD**

17

18      Federal courts are courts of limited jurisdiction, and are presumptively without

19  jurisdiction over civil actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

20  377 (1994).  The burden of establishing the contrary rests upon the party asserting

21  jurisdiction.  Id.  Because subject matter jurisdiction involves a court's power to hear a

22  case, it can never be forfeited or waived.  United States v. Cotton, 535 U.S. 625, 630

23  (2002).  Accordingly, lack of subject matter jurisdiction may be raised by either party at

24  any point during the litigation, through a motion to dismiss pursuant to Federal Rule of

25  Civil Procedure 12(b)(1).  Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l

26  Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).

27
28
      [4] Defendants' proffered additional evidence, including photographs and measurements, with their Reply brief.  The Court will not consider that evidence.  See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

1    There are two types of motions to dismiss for lack of subject matter jurisdiction: a

2  facial attack and a factual attack.  Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.,

3  594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the

4  allegations of jurisdiction contained in the nonmoving party's complaint, or may

5  challenge the existence of subject matter jurisdiction in fact, despite the formal

6  sufficiency of the pleadings.  Id.

7    When a party makes a facial attack on a complaint, the attack is unaccompanied

8  by supporting evidence, and it challenges jurisdiction based solely on the pleadings.

9  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If the motion to

10  dismiss constitutes a facial attack, the Court must consider the factual allegations of the

11  complaint to be true, and determine whether they establish subject matter jurisdiction.

12  Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir.

13  2003).  In the case of a facial attack, the motion to dismiss is granted only if the

14  nonmoving party fails to allege an element necessary for subject matter jurisdiction.

15  Safe Air for Everyone, 373 F.3d at 1039.

16    In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's

17  allegations." Thornhill, 594 F.2d at 733 (internal citation omitted).  The party opposing

18  the motion has the burden of proving that subject matter jurisdiction does exist, and must

19  present any necessary evidence to satisfy this burden.  St. Clair v. City of Chico,

20  880 F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional facts are

21  challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the

22  mere assertion that factual issues may exist.  Trentacosta v. Frontier Pac. Aircraft Ind.,

23  Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche

24  Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may

25  review any evidence necessary, including affidavits and testimony, in order to determine

26  whether subject matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560

27  (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its

28  ///

4

1   burden and the court determines that it lacks subject matter jurisdiction, the court must

2   dismiss the action.  Fed. R. Civ. P. 12(h)(3).

3       However, "jurisdictional finding of genuinely disputed facts is inappropriate when

4   the jurisdictional issue and substantive issues are so intertwined that the question of

5   jurisdiction is dependent on the resolution of factual issues going to the merits of an

6   action." Safe Air for Everyone, 373 F.3d at 1039 (internal citations and quotations

7   omitted).  "The question of jurisdiction and the merits of an action are intertwined where

8   a statute provides the basis for both the subject matter jurisdiction of the federal court

9   and the plaintiff's substantive claim for relief."  Id. at 1039-40 (internal citations and

10   quotations omitted).

11       "A court may not resolve genuinely disputed facts where 'the question of

12   jurisdiction is dependent on the resolution of factual issues going to the merits.'"

13   Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting Augustine v. United

14   States, 704 F.2d 1074, 1077 (9th Cir. 1983)).  "In such a case, the district court assumes

15   the truth of allegations in a complaint . . . unless controverted by undisputed facts in the

16   record."  Id.  "Dismissal is then appropriate where it appears beyond doubt that the

17   plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

18   Id. (internal quotations and citations omitted).  "This standard, often cited in Rule 12(b)(6)

19   motions, . . . is equally applicable in motions challenging subject matter jurisdiction when

20   such jurisdiction may be contingent upon factual matters in dispute."  Id.  If, after this

21   threshold inquiry, subject matter jurisdiction is not precluded, the Court may entertain

22   arguments "on either a motion going to the merits [i.e., a summary judgment motion,] or

23   at trial."  Id. at 1178.

24

25                                **ANALYSIS**

26

27       Defendants contend dismissal is warranted because they have remedied the

28   barriers that provide the basis for Plaintiff's request for injunctive relief under the ADA

1   and, consequently, for this Court's federal question jurisdiction.  Plaintiff opposes the

2   Motion, arguing that Defendants' jurisdictional challenge is inappropriate as a Rule

3   12(b)(1) motion and that Defendants have not established either that the facilities have

4   been made compliant or that the violations will not recur.  Plaintiff's arguments are well

5   taken.

6        The question of whether Defendants' facilities comply with the ADA goes to the

7   heart of Plaintiff's federal claim.  Because the jurisdictional inquiry and the merits are

8   fundamentally intertwined, review of Defendants' Motion under the typical Rule 12(b)(1)

9   standard applicable to factual motions would not be proper.  Instead, the Court assumes

10  the facts alleged in the Complaint are true unless contradicted by any undisputed facts in

11  the record.  In this instance, the Court finds that it has subject matter jurisdiction to reach

12  the merits of Plaintiff's claim because Defendants failed to offer any "facts" contradicting

13  Plaintiff's allegations and, even if they had, the Court would be required to treat the

14  instant motion as one for summary judgment, which it views as premature.

15       Most importantly here, there are no undisputed facts contradicting the allegations

16  in Plaintiff's Complaint properly before the Court.  Instead, Defendants offer only

17  conclusory opinions of a purported expert that the alleged ADA violations have been

18  "resolved" and that Defendants' facilities are now "compliant."  These conclusions are

19  not supported by any objective evidence from which the Court may make its own

20  determination that Defendants' expert is correct and that Plaintiff's ADA claim is moot as

21  a result.  Accordingly, as under a facial Motion, the Court has considered the Complaint

22  in its entirety and finds subject matter jurisdiction sufficient to allow the Court to reach

23  the merits of this dispute.

24       Even if Defendants had offered some facts to support their position, however, the

25  Court would be disinclined to grant their Motion at this early stage in the litigation.  "In

26  ruling on a jurisdictional motion involving factual issues which also go to the merits, the

27  trial court should employ the standard applicable to a motion for summary

28  judgment . . . ."  Augustine, 704 F.2d at 1077.  Converting the instant Motion to one for

1  summary judgment would be premature because Plaintiff has not yet had the opportunity

2  to engage in discovery and thus has not had the opportunity to develop the evidence he

3  may need to rebut Defendants' "facts."  Accordingly, Defendants' Motion to Dismiss for

4  lack of jurisdiction is DENIED without prejudice to raising this argument in a properly

5  noticed and appropriately timed motion for summary judgment.[5]

6

7  **CONCLUSION**

8

9       For the reasons just stated, Defendants' Motion to Dismiss (ECF No. 7) is

10  DENIED without prejudice.

11       IT IS SO ORDERED.

12  Dated:  November 24, 2014

13

14  _____
    MORRISON C. ENGLAND, JR., CHIEF JUDGE

15      UNITED STATES DISTRICT COURT

16

17

18

19

20

21

22

23

24

25

26

27       [5] To the extent Defendants ask that the Court decline to exercise supplemental jurisdiction over

28  Plaintiff's state law claims, that argument is derivative of their mootness argument and is thus similarly rejected.